**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIE LAWSON | * | Civil No. AW-09-1778 |
| #45609-083 | | Criminal No. AW-02-215 |
| | * | |
|     Plaintiff | | |
| | * | |
|   v. | | |
| | * | |
| UNITED STATES OF AMERICA | | |
| | * | |
|     Defendant | | |

\* \* \* \* \* \* \*

**MEMORANDUM**

Pending is Willie Lawson's pro se Motion for Return of Property. The government opposes the Motion and moves to apply $2,216.25 in United States currency seized and held in evidence by the Federal Bureau of Investigation (FBI) toward payment of Defendant's outstanding restitution. Lawson has filed a Reply. For the reasons that follow, the Court will deny the Motion for Return of Property and order the FBI to surrender the $2,216.25 seized from Defendant to the Clerk of this court.

    I.    Background

By Judgment and Commitment order dated July 18, 2003, the court sentenced Willie Lawson to immediately pay the United States a special assessment of $500.00 and restitution of $77,991.00. Defendant has paid $50.00 toward his financial obligation. Defendant's Exhibits 1 and 2. The FBI indicates it has in evidence $2,216.25 in United States currency that was seized from Lawson. Declar. of Michael Maclean, Exhibit 3. There was no order of forfeiture requested at sentencing.

    II.    Discussion

A sentencing court is expressly authorized to impose an order of restitution on a criminal defendant. "The court, when sentencing a defendant ... may order, in addition to or, in the case

of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense….." 18 U.S.C. § 3663(a) (1)(A).  An order of restitution constitutes a lien in favor of the United States on all property of the person fined. *See id*. § 3613(c).  The lien arises when judgment is entered and continues for twenty years or until the liability is satisfied. *Id.* "A defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property." *Lavin v. United States*, 299 F.3d 123, (2d Cir. 2002).  Thus, when the court included a restitution order as part of Lawson's order of commitment and judgment,[1] the government acquired a lien on Lawson's property; Lawson is not entitled to return of the seized currency.

    III.    Conclusion.

The Court will deny the Motion for Return of Property and direct the Federal Bureau of Investigation to remit the currency to the Clerk for payment toward outstanding restitution.  An order consistent with this Memorandum follows.

Date: January 13, 2010                        _____/s/_____
                                                                                Alexander Williams, Jr.
                                                                                United States District Judge

---

[1] The facts in this case are distinguishable from those presented in *United States v. Minor,* 228 F. 3d 352 (4th Cir. 2000).  Specifically, *Minor* involved a forfeiture proceeding and lacked an order of restitution.